# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM R. LYONS,

    *Petitioner*,

vs.

JAMES BENEDETTI, *et al.*,

    *Respondents*.

3:09-cv-00707-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on the petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Proceedings under Section 2254. On the application to proceed *in forma pauperis*, the Court finds that petitioner is unable to pay the $5.00 filing fee, and the application therefore will be granted. On initial review, a substantial question exists as to whether the petition is subject to dismissal because none of the claims are exhausted. Petitioner therefore will be directed to show cause in writing why the petition should not be dismissed without prejudice.

### *Background*

    Petitioner William Lyons challenges his Nevada state conviction, pursuant to a jury verdict, of two counts of sexual assault of a minor under the age of fourteen and eight counts of lewdness with a child under the age of fourteen. He has been sentenced to a total of ten consecutive life sentences with the possibility of parole. He is eligible for parole consideration after a minimum of twenty years each on two of the sentences and after a minimum of ten years each on the remaining eight sentences. He accordingly faces an aggregate minimum sentence of 120 years.

1   The papers attached with the petition reflect the following.

2   The original judgment of conviction was filed on November 24, 2003. On direct appeal, in a March 23, 2006, order, the Supreme Court of Nevada affirmed in part, reversed in part, and remanded for a new sentencing hearing. Petitioner promptly was re-sentenced thereafter on April 20, 2006. An amended judgment of conviction was filed on May 5, 2006. It does not appear that petitioner filed a direct appeal from the amended judgment of conviction.

On or about November 6, 2006, petitioner filed a petition for state post-conviction and/or related relief. He thereafter secured a voluntary dismissal of this petition without prejudice, and he filed a second petition for state post-conviction relief on or about February 13, 2007.

The state district court did not appoint counsel. The court held an evidentiary hearing on December 7, 2007, and the court denied the petition on January 3, 2008.

On the state post-conviction appeal, in a May 7, 2009, order, the Supreme Court of Nevada held that the state district court erred in failing to appoint state post-conviction counsel. The state high court remanded for further proceedings. The partial minutes submitted with the petition reflect that the state district court thereafter appointed counsel for petitioner and that the proceedings on remand were ongoing when the federal petition was filed.[1]

On or about November 24, 2009, petitioner mailed the present federal petition to the Clerk of this Court for filing.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the

---

[1] Petitioner further filed an original petition for extraordinary relief in the state supreme court. That court denied the petition on October 21, 2009 expressly "without deciding upon the merits of any claims" because the challenge instead "must be raised in a post-conviction petition for a writ of habeas corpus in the district court in the first instance."

petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

### *Discussion*

Petitioner presents twenty-one claims in the original petition and an additional claim in a supplemental petition. As to all such claims, he concedes in response to the exhaustion inquiries on the petition form that the claims were not raised on direct appeal. The state post-conviction proceedings further are not concluded. It thus is clear from the papers on file that none of the claims in the federal petition have been exhausted through to a final disposition by the Supreme Court of Nevada.[2]

Petitioner therefore will be required to show cause why the petition should not be dismissed without prejudice for lack of exhaustion.

IT THEREFORE IS ORDERED that the petitioner's application (#1) to proceed *in forma pauperis* is GRANTED, such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and accompanying motion but shall withhold service at this time.[3]

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without prejudice for lack of exhaustion.

---

[2] The responses to the exhaustion inquiries reflect additionally that some of the claims also were not presented in the state post-conviction petition.

[3] The filing of the petition does not signify that either the petition or the claims therein otherwise are free of deficiencies. The Court notes in this regard that under Local Rule LR 15-1, petitioner may not simply add additional claims to the petition by piecemeal filings. Any superceding pleading instead must be complete in itself and include all of the petitioner's claims.

1 | If petitioner does not timely respond to this order, the entire petition will be dismissed without further advance notice. If petitioner responds to this order but fails to demonstrate that the exhaustion requirement has been satisfied, the petition will be dismissed without prejudice for lack of exhaustion.

The Clerk shall send petitioner a copy of his petition and accompanying papers with this order.

DATED this 23rd day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE