# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM R. LYONS,

    *Petitioner*,

vs.

JAMES BENEDETTI, *et al.*,

    *Respondents*.

3:09-cv-00707-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether the petition is subject to dismissal because none of the claims were exhausted and, further, upon petitioner's motion (#6) for appointment of counsel, which was submitted with the petition. This order follows upon the Court's earlier show cause order (#4) directing petitioner to show cause in writing why the petition should not be dismissed without prejudice.   Petitioner has not responded to the Court's order.  The prior order stated: "If petitioner does not timely respond to this order, the entire petition will be dismissed without further advance notice." #4, at 4.

### *Background*

Petitioner William Lyons challenges his Nevada state conviction, pursuant to a jury verdict, of two counts of sexual assault of a minor under the age of fourteen and eight counts of lewdness with a child under the age of fourteen. He has been sentenced to a total of ten consecutive life sentences with the possibility of parole. He is eligible for parole consideration after a minimum of twenty years each on two of the sentences and after a minimum of ten years each on the remaining eight sentences. He

accordingly faces an aggregate minimum sentence of 120 years.

The papers attached with the petition reflect the following.

The original judgment of conviction was filed on November 24, 2003. On direct appeal, in a March 23, 2006, order, the Supreme Court of Nevada affirmed in part, reversed in part, and remanded for a new sentencing hearing. Petitioner promptly was re-sentenced thereafter on April 20, 2006. An amended judgment of conviction was filed on May 5, 2006. It does not appear that petitioner filed a direct appeal from the amended judgment of conviction.

On or about November 6, 2006, petitioner filed a petition for state post-conviction and/or related relief. He thereafter secured a voluntary dismissal of this petition without prejudice, and he filed a second petition for state post-conviction relief on or about February 13, 2007.

The state district court did not appoint counsel. The court held an evidentiary hearing on December 7, 2007, and the court denied the petition on January 3, 2008.

On the state post-conviction appeal, in a May 7, 2009, order, the Supreme Court of Nevada held that the state district court erred in failing to appoint state post-conviction counsel. The state high court remanded for further proceedings. The partial minutes submitted with the petition reflect that the state district court thereafter appointed counsel for petitioner and that the proceedings on remand were ongoing when the federal petition was filed.[1]

On or about November 24, 2009, petitioner mailed the present federal petition to the Clerk of this Court for filing.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156

---

[1] Petitioner further filed an original petition for extraordinary relief in the state supreme court. That court denied the petition on October 21, 2009 expressly "without deciding upon the merits of any claims" because the challenge instead "must be raised in a post-conviction petition for a writ of habeas corpus in the district court in the first instance."

(9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

## *Discussion*

Petitioner presented twenty-one claims in the original petition and an additional claim in a supplemental petition. As to all such claims, he conceded in response to the exhaustion inquiries on the petition form that the claims were not raised on direct appeal. The state post-conviction proceedings further are not concluded. It thus is clear from the papers on file that none of the claims in the federal action have been exhausted through to a final disposition by the Supreme Court of Nevada.[2]

Subsequent to issuance of the show cause order, petitioner filed an amended petition. #7. The Court has reviewed the amended petition in its entirety. The grounds presented in the amended petition – including the responses to the exhaustion inquiries therein – almost exclusively are exact photocopy duplicates of the grounds and responses in the original petition and supplemental petition. Nothing in the amended petition leads to a different conclusion with regard to the exhaustion issue. None of the claims presented in any of the pleadings in this action are exhausted.[3]

Petitioner further failed to respond to the show cause order and demonstrate to the contrary.

---

[2] The responses to the exhaustion inquiries reflect additionally that some of the claims also were not presented in the state post-conviction petition. The filing of an original petition in the Supreme Court of Nevada, which was dismissed expressly without consideration of the merits, did not exhaust any claim. See note 1, *supra*. If petitioner allegedly is having problems with state post-conviction counsel, that is a matter that he must pursue with the state courts. He may not simply file an unexhausted federal petition instead.

[3] The amended petition further does not appear to be either signed or verified.

-3-

1     IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice for lack
2 of exhaustion as to all claims presented.

3     IT FURTHER IS ORDERED that petitioner's motion (#6) for appointment of counsel is
4 DENIED, as the Court does not find that appointment of counsel is in the interests of justice with regard
5 to the completely unexhausted petition.

6     IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason
7 would not find the dismissal of the wholly unexhausted petition without prejudice to be debatable or
8 wrong.

9     IT FURTHER IS ORDERED that the Clerk of Court shall electronically serve respondents with
10 a copy of the amended petition (#7) and this order by adding Catherine Cortez Masto as counsel of
11 record and forwarding same by a notice of electronic filling. **No response is required from**
12 **respondents other than to respond to any orders of a reviewing federal court in this matter**.

13     The Clerk of Court additionally shall provide petitioner a copy of the entirety of #7 with the
14 service copy of this order.

15     The Clerk of Court shall enter final judgment accordingly, dismissing this action without
16 prejudice.

17     DATED this 15th day of September, 2010.

    _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE